**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

HANS C. ANDERSON,

    Plaintiff,

v.                                         Case No. 8:12-CV-725-T-30AEP

DEPARTMENT OF CORRECTIONS,

    Defendant.
_____/

**ORDER**

Anderson, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1), and a motion to proceed in this action *in forma pauperis* (Dkt. 2). Anderson alleges in the complaint that he was told by a judge and prison officials that after he serves his sentence with the Department of Corrections, he will be civilly detained at the Florida Civil Commitment Center. As relief, Anderson requests immediate release from incarceration or a seven year reduction of his sentence (Dkt. 1 at p. 8).

**Analysis**

Under 28 U.S.C. § 1915A, a district court must screen prisoners' civil complaints against government officials or entities and dismiss the complaints if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. In pertinent part, § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. The language of the statute does not distinguish between prisoners who proceed *in forma pauperis* and prisoners who pay the requisite filing fee.

The procedure required by § 1915A is by its terms a screening process, to be applied *sua sponte* and as early as possible in the litigation. *See* 28 U.S.C. § 1915A(a). Because defendant is a governmental entity, Anderson's complaint is subject to review pursuant §1915A.

In light of Anderson's claim for relief, his exclusive remedy is a petition for writ of habeas corpus. *See Pugh v. Smith*, 333 Fed. Appx. 478, 479 (11th Cir. June 24, 2009) (unpublished) (stating that "[a] habeas petition is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate release.") (citing in part *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). As the United States Supreme Court also reaffirmed based on its prior precedent in *Wilkinson v. Dotson*, 544 U.S. 74 (2005), "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought

(damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Robinson v. McDonough*, 259 Fed. Appx. 238 (11th Cir. 2007) (unpublished) (emphasis in original) (citing and quoting *Preiser* and *Wilkinson*). [1]

Accordingly, the Court **ORDERS** that:

1. The complaint (Dkt. 1) is **DISMISSED** for failure to state a claim upon which relief may be granted.

2. The **Clerk** shall terminate all pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on April 9, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*

---

[1] To the extent the complaint may be construed as either a petition for writ of mandamus or writ of habeas corpus prohibiting civil detainment in the future, the Court deems the relief premature as Anderson has not yet been declared a sexually violent predator in need of civil commitment pursuant to Sections 394.910-.931, Florida Statutes. *Maharaj v. Sec'y Dep't of Corr.*, 304 F.3d 1345 (11th Cir. 2002) (federal habeas petition was not ripe for review when state judgment was not yet final).